A. N. ALFORD ET AL. V. J. T. SMITH, ADMINISTRATOR.

1. See this case for discussion of the practice in District Courts in matters of probate.
2. In a suit by an administrator for a debt due for property sold by him as administrator, to entitle the defendant to offset an approved claim owned by him against the estate, it is necessary that the answer show that defendant is the only creditor entitled to the fund to which he seeks to apply the offset ; or, if other creditors are interested in the fund, to state the extent and character of such other claims, so that the court may determine whether such relief can be allowed.
3. While the court held an answer insufficient, and that exceptions to it were improperly overruled, yet the erroneous exclusion of material evidence offered to sustain such answer, *held*, to be ground of reversal.
4. See this case for improper exclusion of a deposition upon an answer of the witness which, taken literally, would render the testimony irrelevant.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

John T. Smith, the appellee, was the administrator of the estate of Thomas Stubblefield, deceased.

The intestate borrowed of the appellant, A. N. Alford, the sum of $1700, to secure which he executed his notes to Alford for that amount, and also gave him a mortgage on his half-interest in a certain steamboat known as the *Ida Reese*, which mortgage was duly recorded.

Stubblefield died, and the appellee became his administrator. The claim of A. N. Alford was duly established in the probate court, and the appellee ordered to sell the intestate's interest in the *Ida Reese* on six months credit, to discharge A. N. Alford's lien, and to pay the proceeds to A. N. Alford, subject, however, to the widow's and child's allowance, amounting to $1900, and to charges for repairs on the boat amounting to $807.10.

A. N. Alford assigned his claim for a valuable consideration to Geo. F. Alford and Wm. G. Veal, who do business in Galveston under the firm name of Alford & Veal.

The time set for the sale having arrived, Alford & Veal purchased the half-interest of the intestate in the *Ida Reese*, on six months credit, for $2100, giving two notes for $1050 each, with A. N. Alford as security, subject to the mortgage due from Stubblefield to A. N. Alford, and by him duly established in the probate court, and then sold to Alford & Veal, prior to the sale of the *Ida Reese*.

The notes executed by Alford & Veal, and A. N. Alford security, matured, and the appellee instituted this suit.

The further facts sufficiently appear in the opinion of the court.

*Hancock, West & North,* for appellants.—The court erred in rejecting the depositions of George F. Alford, which were offered to prove that the judgment of the probate court establishing A. N. Alford's claim and mort-

gage against the estate belonged to the partnership of
G. F. Alford & Veal.

The bill of exceptions raising this point states, "that
the plaintiff objected to the reading of the depositions be-
cause Geo. F. Alford answered in the depositions that he
had bought the judgment, and A. N. Alford had no in-
terest in said judgment now."  And the court sustaining
this exception, ruled the whole deposition out.

We submit that that this ruling was clearly erroneous,
for the fact that Geo. F. Alford, in those depositions, an-
swered that he had bought A. N. Alford's mortgage, may
have been, and probably was, qualified and explained in
other parts of those depositions, so as to clearly show
that it in fact belonged to Alford & Veal.  It may be,
that although it was G. F. Alford who bought the mort-
gage, he bought it and held it for the benefit of the part-
nership, and that this appeared in the deposition.  It
will be remembered that the notes given for the pur-
chase money of the *Ida Reese* were given by Alford &
Veal, and not by G. F. Alford alone.  The presumption
would then be, that the boat was bought by the firm
to protect the mortgage on it which it had previously
bought from A. N. Alford, and it had a perfect right to
do this.

Had the objection to these depositions been that they
showed the mortgage to have been bought by G. F. Al-
ford, and also that he and not the firm still owned it, the
objection might have been good.  But it certainly was no
good ground for rejecting the whole of Alford's evidence
that it contained an irrelevant or incompetent assertion,
without at the same time showing that every portion of it
was liable to the same objection.  Suppose Alford had
been on the witness stand, and he had there stated that
he had bought the judgment; would it have been allow-
able to object to and rule out the whole of his evidence,
without allowing him to explain the whole transaction,

and without allowing him to prove for whom and on whose account he bought it? Certainly not.

This very transfer from A. N. Alford to Alford & Veal is the gist of the whole controversy. The appellee claims throughout that this mortgage belongs to A. N. Alford, and is therefore no defense against a claim of the estate against Alford & Veal.

The appellants, on the other hand, assert and offer to prove that A. N. Alford has no interest in that mortgage; that it belongs to Alford & Veal; that they bought it after its establishment as a valid claim and lien in the probate court, and before suit, and also before their purchase of the *Ida Reese*.

But such general and sweeping objections are unsanctioned by law, unless the whole of the evidence comes clearly within the objection. The mere form of the wholesale manner in which this deposition was objected to, and especially when connected with the reason given for the objection, ought to have caused it to be overruled, and the evidence allowed to go to the jury. And in this connection we call the attention of the court to the case of Houston v. Perry, 5 Texas, 467.

This evidence being wholly excluded from the jury, prevented the appellants from making good their only legitimate, legal and equitable defense, and judgment might just as well have been rendered against them by *nil dicit*, as to proceed with the farce of a trial under such circumstances.

*Nunn & Williams* and *Jackson & Jackson*, for appellee.—The issue substantially is, appellants have a claim against the estate of Stubblefield, and should be allowed to offset the same to the claim of administrator for the purchase money of property sold at administrator's sale. Such a practice is not and could not be tolerated without introducing the utmost confusion in the administration of

Argument for the appellee.

estates, and would result in transferring from the jurisdiction of the probate court proper to the District Courts the settlement of administration accounts; which would ever be a vexed question (perhaps on occasions when least expected by the administrator), when the administration should chance to become a party to a suit to enforce a demand against a debtor to the estate he represents. Our Supreme Court decisions have clearly, and beyond cavil or dispute, settled this question, and it is no longer open. (See Atchison v. Smith, 25 Texas, 230; Hall v. Hall, 11 Texas, 553; Dickinson v. McDermott, 13 Texas, 252; Guthrie v. Guthrie, 17 Texas, 541 )

Again, the plea was objectionable, because the debt was not in mutual right, and therefore not proper to be admitted. (Albright v. Aldrich, 2 Texas, 166; Hamilton v. Van Hook, 26 Texas, 305.)

An exception to the general rule might be allowed when the creditor, who seeks to avail himself of such a plea, is the sole or only creditor, and then he must show that the funds he is called on to pay would, by reason of the particular facts alleged and proved, be returned to him; that is to say, he must show the amount of the demands against the estate, the court costs, and other necessary expenses of administration, which constitute a first charge on the estate, and make it plain that the effect of his payment would be a work of supererogation, and nothing more. Without this, no exception to the rule as above stated will be allowed. (See Hall v. Hall, 11 Texas, 553; Guthrie v. Guthrie, 17 Texas, 543; Atchison v. Smith, 25 Texas, 231.)

There is not an attempt even to show this by plea, and in proof the appellant is fully met, and the contrary is distinctly and clearly shown.

The appellants seem to have misconceived their case entirely, as the mortgage was presented, acted upon, and by the court merged into a judgment lien before there

is any claim of transfer. But in arguing this imaginary case appellants' counsel proceed, under third assignment of errors, to contend that the depositions of George F. Alford were improperly excluded, because they say, "the mortgage may have been and probably was qualified and explained in other parts of those depositions so as to clearly show that in fact it belonged to Alford & Veal." The allegations in appellants' pleas were, that the transfer of the judgment was made by A. N. Alford to Alford & Veal. The depositions offered were to the effect that a transfer was made to George F. Alford. The depositions were objected to, on the universally recognized rule that the *allegata* and *probata* must correspond, and therein failing, the depositions were inadmissible. But appellants suggest, that possibly some other portions of the depositions would have explained and obviated the objection admitted to be good; but their bill of exceptions fails to show any such case to exist. Where it is desired to reverse the action of the District Court on questions of evidence, the party complaining must, by bill of exceptions, show the particular error complained of; "he must put his finger upon it," and not present the same on vague surmises, and by way of argument. (See Styles v. Gray, 10 Texas, 504; Ryan v. Jackson, 11 Texas 401; Greenwade v. Walling, 30 Texas, 378; Frizzell v. Johnson, 30 Texas, 34.)

Will it not be presumed that the District Court acted on and after an inspection of the entire deposition? And will its action not be presumed to be correct till it is made to appear by the record, and not by conjecture, that it is otherwise? Such we understand to be the practice of our courts. (See Greenwade v. Walling, 30 Texas, 378; Jones v. Cavasos, 29 Texas, 428; Blackwell v. Patten, 23 Texas, 674; Fox v. Sturm, 21 Texas, 407; Harvey v. Hill, 7 Texas, 593; Stone v. Darnell, 25 Texas Sup., 436; King v. Gray, 17 Texas, 70; Harrison v. Leavill, 16 Texas, 342.)

*Hancock, West & North*, for appellants, in reply.—We concede, that as a general rule a debt due the administrator is not a proper offset to a debt by the intestate. But this rule, which is the rule of law, is not without exceptions, and it yields whenever the equally well settled rules of equity require it. We are not aware that a case exactly similar to the present has yet been before this court, but we submit that the cases cited below fully establish the doctrine of equitable set-off which we claim should be applied to the case at bar.

The leading case on this subject in Texas is Hall v. Hall, 11 Texas, 553. This case appears to have been fully argued and considered.

See also Guthrie v. Guthrie, 17 Texas, 543 ; Thomas v. Hill, 3 Texas, 270 ; 3 Redfield on Wills, 199 ; Jones v. Moss' Assignee, 3 How., 568, where this subject is fully discussed ; 2 Williams on Executors, 1597–1599 ; Dickinson v. McDermott, 13 Texas, 252 ; Swenson v. Walker, 3 Texas, 93.

The cause mainly relied on by the appellee is that of Atchison v. Smith, 25 Texas, 231 ; but an examination of the facts of that case discloses that no equitable grounds existed requiring the interposition of an equitable set-off. In that case the claim sought to be offset was a judgment against the estate, duly allowed and approved, and which was as such a lien on the real estate for the purchase money of which the administrator had brought suit. But there was no averment that there were not other judgments against the estate. The judgment in that case was not a charge upon that particular land, but upon all the real estate in the county; the judgment sought to be set-off had no priority over any other judgment ; and it appeared affirmatively that equity demanded that the offset should not be allowed in order that all the debts of the same degree might fare equally. That case, therefore, only announces the general doctrine, but has no applica-

tion to a state of facts such as is disclosed in the case at bar. The facts of that case do not support the syllabus; in that case there was not a mortgage, but a lien inuring for the benefit of a whole class of debts.

Here the claim sought to be offset is a direct charge upon the very thing purchased; the sale of the boat was ordered, not to pay debts generally, but to pay a specific charge. The administrator, under the mortgage and the order of sale, is merely a trustee for the owner of the mortgage; the estate has no interest in the mortgage, but merely in the equity of redemption. It is the duty of the administrator to immediately turn over the proceeds of the sale to the mortgagee, and here the purchaser and mortgagee are one and the same person.

Where the reason of a rule ceases, the rule itself will cease.

What is the object of the rule invoked by the appellee? It is that the administrator may not be interfered with.

But how can this interfere with the administration? The only portion of the steamboat subject to administration is the equity of redemption; the balance is no part of the estate for that purpose, for the estate has no interest in it; it don't belong to it, it belongs to the appellants. We are not interfering with the equity of redemption; we have nothing to do with that.

It is an every-day occurrence for a mortgagee to purchase at an administrator's sale the mortgaged property, and if the property sells for more than the mortgage, the difference only is paid over to the administrator. An administrator can have no honest reason for refusing to allow such an offset, and his refusal to do so, when the money collected has to be immediately paid back, is of itself a suspicious circumstance—a badge of fraud.

In reply to the appellee's attack on the bill of exceptions, we would suggest that "we have put our finger on the error complained of."

The bill of exceptions states that the appellee objected to the introduction of the whole deposition. Why? Because, in it G. F. Alford said he had purchased the *Ida Reese*. This is the objection made to the deposition—the judge below certifies to it; and the appellants claim that that is not a good objection, and that it should have been overruled.

MOORE, ASSOCIATE JUSTICE.—The law prescribing the mode of proceeding in the District Courts in matters of probate furnishes the general rule for settlement of the debts and liabilities of estates of deceased persons, and provides that such settlement shall be made by a proceeding in the District Court, in the exercise of its probate jurisdiction in the county in which the estate in question is subject to administration. It is manifestly contrary to the general purpose of the law regulating and prescribing rules for the administration of estates, that this probate jurisdiction of the District Court to which they are committed should be trenched upon or interfered with by proceedings in other co-ordinate tribunals, or by proceedings in the same court, in the exercise of its jurisdiction not pertaining to matters of probate; and as by the law regulating their settlement the debts of estates are classified, and the time as well as order of their payment is prescribed, it would evidently contravene its general policy, and tend to impede and clog the administration and settlement of estates under the probate jurisdiction of the court where they are pending, if parties, when sued for moneys due the estate, were permitted, as a general rule, to plead in offset claims due them by the estate. While, however, this is the well established general rule (See Atchison v. Smith, 25 Texas, 231, and cases there cited), it has been heretofore held by this court, that this rule was not without exception, and that sometimes cases under peculiar circumstances would arise rendering

the interposition of the equitable jurisdiction of the District Court absolutely necessary to prevent great hardship and oppression. Otherwise, the very law enacted for the benefit of the creditor of the estate, and intended to enable him to secure the speedy payment of his claim, might be wantonly perverted to his injury, if not utter ruin. (Hall v. Hall, 11 Texas, 526.)

This exception to the general rule, if it can be properly considered as such, can, however, only be invoked by a creditor where the rules prescribed in the statute for the settlement of the estate in the District Court, in the exercise of its probate jurisdiction, does not furnish him a plain and adequate remedy, and when, but for the interposition of the authority of a court of equity, he would be liable to suffer great, if not irreparable, injury.

In appellants' answer it was alleged that the claim pleaded in offset was a charge upon the money, for the collection of which the suit against them was being prosecuted ; that the notes upon which the suit was brought were given by them for property which had been sold to pay this very claim which was set up in offset, and that the money, when collected by the administrator, was, by the order of the court, to be paid back, upon their claim, except so much thereof as was not otherwise appropriated by said order, and against the payment of which they made no defense.

To this answer, when presented as a joint defense by all the appellants, the court sustained appellee's exceptions. Whereupon appellants, Geo. F. Alford & Veal, amended their answer, and alleged that they were the principals in the notes sued on, and that the half-interest of the estate of appellee's intestate in the boat, in payment for which the notes were given, was bought by them ; that previous to the date of said sale they had purchased from their co-defendant, A. N. Alford, the claim, for the payment of which said boat was sold ; that the estate was insolvent ;

and they would not have purchased said boat but for the fact that they were the owners of said claim, etc. To this amended answer appellee also excepted, but the court overruled the exception, and held the answer sufficient. In this we think the court erred.

The facts and circumstances alleged in the answer certainly present strong grounds to invoke the interposition of a court of equity; but as strong as they are, unless it was more clearly shown that appellants were the only creditors interested in the fund to which they asked to apply their offset, or had set forth more definitely and precisely the extent and character of the claims of such other creditors as were interested in it, so that the court might see whether the relief asked could be granted without other parties being brought before it, and without injustice to the other creditors of the estate, or too greatly interfering with the probate jurisdiction of the court, and embarrassing the administration and parties interested therein in the final settlement of the estate, we are of the opinion appellants could not invoke the equity power of the court for their relief.

It is to be borne in mind appellants' defense does not rest upon the statutory right of a debtor to set off a demand due him by his creditor, against the debt upon which he is sued, but depends upon the application of the principles of equity to the peculiar facts of his case. And while it must be conceded the fact that the claim presented in offset was a lien upon the boat, in payment for which the notes were given, and that it was sold under an order of the court, in the exercise of its probate jurisdiction, for the payment of this very claim, presents a strong ground for the relief asked in appellants' answer, yet it must be remembered that even a claim secured by a special lien is not ranked in the first class of debts against an estate. The order for the sale of the boat, upon which this claim was secured by mortgage,

shows that it was postponed to the payment of the allowances made by the court to the widow and child of the intestate. Although the order of sale raises a strong presumption that the money, when received by the administrator from the sale of the boat, except so much as was otherwise appropriated in the order of sale, would be applied to the payment of this claim, yet other claims, which were not brought to the attention of the court at the time the sale was ordered, might be presented before the money was paid out, and shown to stand upon an equal footing with appellants' claim, or to take precedence of it.

This ruling of the court, however, was in favor of the appellants, and though erroneous, as they cannot complain, if there was no other error disclosed by the record, the court would not have felt called upon to notice it. But we are of opinion the deposition of appellant, George F. Alford, was improperly excluded. This seems to have been done solely upon the supposition that the deposition proved that the claim pleaded in offset was his individual property, and not that of the firm of which he was a member, and by whom, as appellants allege, the boat was bought to secure this debt. We think it too technical a construction of the answer of the witness, that "he bought the boat" (which, from the bill of exceptions, seems to be the language which caused the exclusion of the deposition), to conclude that he meant to be understood to say that the purchase was an individual and not a partnership transaction. The deposition, from anything we can see from the record, might have been submitted to the jury in connection with the other evidence for their consideration, under such instructions as the court might have deemed it necessary to give them for their guidance, if it had been incumbent upon appellants to have shown that the firm of George F. Alford & Veal were the owners of the claim. We are, however, of the opinion that this

was unnecessary. It was immaterial to which of the defendants the claim belonged. If the owner was willing to apply it to the extinguishment of the debt upon which all of them were sued, surely, if this was his only objection, the administrator could not complain of such application of it.

As we have said, appellant's answer did not authorize the defense upon which they relied, and to support which the deposition of the appellant, George F. Alford, was offered; its exclusion, therefore, it may be insisted, was immaterial. The answer to this is, that we cannot say, if the court below had sustained the exceptions to the answer, appellants might not have answered, and alleged such facts as would have authorized the interposition of the equitable jurisdiction of the court for their relief.

For this error of the court in sustaining the objections of appellee to the deposition of George F. Alford, one of the appellants, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.