## S. T. ROBB v. J. M. SMITH, ADMINISTRATOR.

1. In a suit by an administrator upon a note due the estate, the defendant cannot offset an approved claim against the estate without showing a necessity for the interposition of a court of equity to secure the ends of justice, or to prevent injury or oppression to the defendant.

2. In such suit it is error to allow the attorneys of the administrator to intervene, upon a contract with the plaintiff for a stipulated sum out of the recovery.

3. Fees for services as attorney for the administrator in resisting a motion for his removal, if chargeable at all against the estate, should be established under the probate law; and they are subject to the same objections, when presented by such attorneys, as other offsets pleaded by defendant in a suit by the administrator.

4. The court reversed and reformed the judgment so as to disregard the claims of such intervenors, and treating that part of the verdict in their favor as surplusage

Appeal from Houston. Tried below before the Hon. L. W. Cooper.

This action was instituted by J. M. Smith as administrator upon a note executed to him by S. T. Robb, for $305, on August 24, 1864, and due on January 1, 1865, with ten per cent. interest from maturity.

Robb pleaded the general issue, and also that appellee was not administrator, as alleged, and that he is principal in the note sued on, and is the owner and holder of a large amount of approved claims against said estate, amounting to $264, which claims are the principal, if not the entire indebtedness of the estate, and that the claims are of the 'first class, etc., asking that these claims be offset, etc.

Smith filed exceptions to the plea in offset, and also a replication and amended plea, setting forth certain acts of Robb in trying to secure the removal of plaintiff from the administration. He alleges: "That in consequence of the foregoing acts,  *  *  *  this administrator  *  *  *  engaged his attorneys, E. Currie and D. A. Nunn, at a fee of $200, to represent him.  *  *  *  Premises considered, plaintiff prays that the said Currie & Nunn be allowed to intervene, and to have judgment in their favor for the aforesaid $200 as part of the recovery in this suit,  *  *  *  and that plaintiff may have judgment against the said Robb for the note sued on and interest; and further, plaintiff prays judgment against the said S. T. Robb for the full amount of said attorneys' fees, to-wit, $200, as damages sustained by plaintiff by reason of the fraudulent acts of Robb,  *  *  *  for costs, etc."

This plea was excepted to by Robb, and the exceptions were overruled, but the court sustained the exceptions to the plea of offset.

The cause was tried upon these issues, and the court charged, among other matters, as follows:

"Plaintiff asks verdict for the amount of said note; * * * plaintiff further pleads, that by the fraudulent acts of defendant * * * he has been injured * * * to the amount of $200; and E. Currie and D. A. Nunn intervene and say they are entitled to an interest in the recovery of this cause, should one be had in favor of the plaintiff. * * * Should you find for the plaintiff, say in your verdict what interest E. Currie and D. A. Nunn have in the recovery, if anything; and should you believe * * * that the plaintiff has been injured and damaged, * * * ascertain to what extent the plaintiff has thus been damaged, and find that sum for the plaintiff."

The jury found the following verdict:

"We, the jury, find for the plaintiff, J. M. Smith, the sum of five hundred and sixty-six $\frac{25}{100}$ dollars, principal and interest, and say that E. Currie and D. A. Nunn, intervenors, are entitled to two hundred dollars of this amount."

Upon which, judgment was rendered "that plaintiff recover from the defendant $566.25 and his costs; that the intervenors have the sum of $200 as their interest in said judgment."

Robb filed a motion for a new trial, which was overruled, and he appealed.

*Hancock, West & North,* for appellant.—The first error complained of is the ruling of the court below overruling the appellant's exceptions to the so-called intervention of Currie & Nunn.

This plea is not a plea of intervention, because it is not made nor filed by the parties attempting to intervene, but it is filed by the appellee himself.

But even conceding, for the sake of argument, that a formal plea of intervention was filed by these parties, the case of Burdett v. Glasscock, 25 Texas Sup., 48, disposes of it.

In that case Chief Justice Wheeler says: "The intervenor was not a party to the contract between the plaintiff and the defendant. There was no privity between him and the plaintiff. His right of action against the defendant, if he have one, is upon an independent contract between himself and the defendant, distinct from that between the plaintiff and the defendant in which this suit was brought. That cannot give him a right to intervene between the parties to this suit." (See also Williams v. Wright, 20 Texas, 502; Smith v. Allen, 28 Texas, 501.)

This so-called plea of intervention, then, being improperly sustained, the charge of the court, submitting this question was erroneous. There were no issues before the jury to warrant such a charge.

The judgment is open to the same objection; it is unwarranted by the pleadings, and is so worded that no amount of money paid by the appellant under it would protect him from these intervenors.

*Nunn & Williams* and *Jackson & Jackson*, for appellee.—Plaintiff's counsel assign two errors for which they ask that this cause be reversed:

1. They claim that the court below erred in allowing Messrs. Currie & Nunn to intervene in this cause.

2. Error in the court below in overruling appellant's exceptions to the plea of intervention of Messrs. Currie & Nunn, for certain formal defects.

Addressing ourselves to the alleged errors in the order assigned, we submit, first, that it was perfectly competent for Messrs. Currie & Nunn to intervene in this suit. The public policy of our State abhors a multiplicity of suits and vexatious litigations over claims that might all be adjudicated and set at rest in a single action; and this court, in obedience to public policy, has, by a long line of adjudications, established the practice of allowing par-

ties to intervene in suits wherein their rights are involved, to the end that all disputes relative to the subject matter of the litigation may be set at rest by a single adjudication, instead of requiring the parties to resort to several actions to settle questions that might well be adjudicated in one. This proposition we do not understand to be contravened in terms, though it is by implication in the appellant's brief; and we regard it as too well established by the adjudications of this and other courts to require argument or authorities to support it. Then, all that is necessary for us to inquire is, had Messrs. Currie & Nunn an interest in this suit?

This is a question of fact, and, happily for us, is definitely settled by the record itself.

The authorities cited by the appellant's counsel do not apply to this case, as they all refer to cases wherein different causes of action were sought to be connected by intervention. Appellants rely upon the case of Burdett v. Glasscock, 25 Texas Sup., 48, to support their objection to allowing these parties to intervene; but this honorable court will find by an inspection of that case that it has but one feature in common with the case at bar, and that is, intervenors figure in both cases.

The facts of the case of Burdett v. Glasscock were substantially as follows: Glasscock instituted suit against Burdett for the purchase money of a certain quantity of corn; Hunter sought to intervene as a party plaintiff, and in his petition for that purpose he set up a claim for damages arising out of a breach of a contract between himself and Burdett, whereby Burdett was to furnish him with a certain quantity of corn. This contract between Burdett and Hunter had no relation whatever to the contract between Glasscock and Burdett, and formed an entirely distinct cause of action, wherein Glasscock was in no way concerned.

Under this state of facts the court very properly de-

cided that Hunter could not intervene in the suit between Glasscock and Burdett. How different are the facts of the case at bar. In this case there is but one cause of action, *i. e.*, the note upon which this suit is predicated, and the actions of the appellant in relation thereto. The parties all claim under this note, and, as we believe, were entitled to have their claims adjudicated in a single action.

We pass now to the next ground assigned for a reversal of this case. Appellant asks that this case be reversed because the appellee, Smith, was the party who first suggested the interest of Messrs. Currie & Nunn, and asked for them the privilege of intervening, instead of their coming forward, in the first instance, and asking this privilege themselves. While this may be an informal and somewhat objectionable manner of pleading, we submit that, fortunately for the good people of Texas, the technicalities and formalities of pleading established by old common law pleaders, for selfish ends, have been abolished in this State, and our ministers of justice, looking rather to the substance than the form of pleading, require only that claims should be set forth in a clear and succinct manner. This the plea of intervention does. It sets forth, in language too plain to be misunderstood, the claim of the intervenors, as well as the manner in which it was required by them.

MOORE, ASSOCIATE JUSTICE.—The court did not err in sustaining the exceptions to the answer of appellant, in which he asked to set off the claims alleged to be due him by the estate of appellee's intestate against the note upon which this suit is brought. The answer does not show a necessity for the interposition of a court of equity to secure the ends of justice, or to prevent injury or oppression being done appellant. A speedy and adequate remedy for the collection of his demands against the estate

was provided by the probate laws under which it was being settled, and we see no reason to infer that appellant might not have gotten the money alleged to be due him by the estate, if he had sought to do so, long before this suit was brought to a trial.

The law regulating the settlement of estates does not contemplate such a defense. On the contrary, it contravenes the general rule prescribed by the statute classifying the debts and fixing the time and order of their payment.

The enforcement of their payment in the due order of administration, as well as the general supervision of the affairs of the estate and its distribution and final settlement, having been committed to a tribunal or special jurisdiction provided for this purpose, it would be manifestly improper for the District Court, in the exercise of its ordinary jurisdiction, to interrupt the payment of the debts in their due order, or to interfere with, or embarrass the settlement of the estate in the tribunal or in the order and manner prescribed in the probate law, unless in special instances, where the facts warrant an appeal to and require its interposition as a court of equity to prevent oppression and injustice, or to effect and carry out the true intent and purpose of the law.

There was error, however, in overruling the exceptions to appellee's amended petition, asking that his attorneys, Currie & Nunn, might intervene, so that the alleged contract between himself and his said attorneys might be set up and passed upon in this suit. And, as a consequence, all the subsequent rulings and action of the court based upon the supposed intervention of these parties are equally erroneous.

The contract between appellee and his attorneys entered in no way into the litigation between appellant and himself. It was a matter with which appellant had no connection, and if there was a necessity for litigation

about it, he was not a proper party to such litigation. The ground upon which the right to intervene was claimed is not that appellant had made himself liable for the amount appellee had contracted to pay his attorneys over and above the amount due on the note on which he. was sued, but merely on the fact that, by the contract between appellee and his attorneys, their fees were to be paid them out of the money collected by this suit. This certainly furnishes no reason for the intervention of the attorneys. So far as the compensation to which they were entitled for services in this suit is concerned, their rights are the same as those of any attorney who sues to collect money. They were entitled, no doubt, to a certain per cent. of the money collected by them. This, however, does not authorize splitting the demand and rendering two judgments against the debtor in a suit on a promissory note. And if the attorneys wanted a judgment against their client for their fee, they are not entitled to litigate the matter with him at the cost of the appellant.

There are other considerations which make it equally obvious that the rulings of the court in this matter are erroneous. A part of the fee was for services rendered to appellee in resisting the attempt to have him removed from the administration, and for which, it would seem, he would be individually liable. But if the fee for these services could be treated as a charge against the estate, it would have to be settled in due order of administration, along with other debts of its class, and its payment could with no more propriety have been ordered in this case than could the claims set up by appellant as offsets.

It cannot be said, however, that any substantial injury has been done appellant by the errors of the court in this matter. Appellee asked in his amended petition that Currie & Nunn might intervene and have judgment. But the record does not show that they ever attempted to do so, or in any way made themselves parties to the rec-

ord.   The judgment against appellant was for the amount which seems to be due upon the note, with the further judgment, if it can be so treated, that Currie & Nunn are entitled to the amount stated.   But it does not seem to have been the intention that a separate execution should issue in their favor; nor does it appear that the costs have been materially increased by reason of these erroneous rulings.   Since, therefore, no material injury has resulted to appellant from them, and as there was a verdict against him in favor of appellee for the amount due upon the note, upon which the proper judgment can be rendered, we see no necessity to remand the cause; but will reverse and render here, at the costs in this court of the appellee, the judgment which should have been rendered in the court below, which is (treating that part of the verdict referring to the claim of the alleged intervenors as surplusage), that appellee have and recover from appellant the amount found by the jury.

REVERSED AND RENDERED.