COLLINS & DOUGLASS v. J. R. B. BARBEE, ADM'X, ETC.

(No. 1902.)

APPEAL from Houston County. Opinion by WILL-SON, J.

NUNN & ALDRICH, counsel for appellants.

COOPER & MOORE and DENSON & BURNETT, counsel for appellee.

§ 126. *Counter-claim; plea of, against an estate, held insufficient; when such plea is available, and its requisites; case stated.* Appellee, as administrator of the estate of C. G. Wooten, deceased, brought this suit upon a note made payable to him as such administrator, and signed "Collins & Douglass." He recovered judgment against the defendant E. M. Collins alone, for the amount of said note, interest and costs, and judgment was rendered in favor of the other defendant, Mary C. Douglass, upon her plea of coverture. Both defendants have appealed to this court. Appellants pleaded *non est factum*, and also pleaded specially in substance as follows: That prior to the death of T. P. Collins in 1839 (he being the husband of E. M. Collins and the father of Mary C. Douglass, the defendants), the estate of C. G. Wooten, deceased, was largely indebted to him, to wit, in the sum of about $3,000; that plaintiff Barbee was the administrator of said estate; that as such administrator he placed with said T. P. Collins a sum of money belonging to said Wooten estate, said sum being the same involved in this suit, with the understanding and agreement that it should remain subject to final settlement between said T. P. Collins and said Wooten estate; and should be re-

ceived as a credit and payment on the debt due by said estate to said T. P. Collins; that the note sued on was executed without authority of defendants, and without consideration; that the said debt due by T. P. Collins to the Wooten estate was barred by limitation; that the note sued on is illegal, fraudulent and void; that no settlement of accounts had ever been had between T. P. Collins or his legal representatives and the Wooten estate; that said estate was still indebted to the estate of T. P. Collins in a large amount in excess of the sum sued for, and claiming and pleading said indebtedness in set-off. It was further alleged in said plea that no debts existed against the Wooten estate except the one due the T. P. Collins estate. Exceptions to this special plea were sustained, and this ruling of the court is assigned as error. *Held:* In so far as the plea sought to impeach the consideration of the note sued upon, it was bad, because it was not verified by affidavit. [R. S. art. 1265, sub. 10.] The allegation in the plea that the note sued upon is illegal, fraudulent and void, is too general to require consideration, or to give any strength or validity to the plea. In effect, the plea is one of set-off or counter-claim. It is a well settled general, rule, that in a suit by an administrator upon a debt due the estate he represents, the defendant cannot offset a debt due to him by said estate. The law prescribing the mode of procedure in matters of probate furnishes the general rule for the settlement of the debts and liabilities of estates of deceased persons, and vests jurisdiction over these matters in the county court as a probate court. It is contrary to the general purpose of the law that this probate jurisdiction should be trenched upon or interfered with. A claim against an estate can, ordinarily, be collected in no other way than that prescribed by the statute regulating the administration of decedents' estates. There are some recognized exceptions to this general rule, as where it is alleged and proved that the defendant is the sole creditor of the estate, or where, from the peculiar circumstances of the

case, the interposition of the equitable powers of the court is rendered absolutely necessary to prevent great hardship and oppression. But when the benefit of an exception is claimed, the facts which constitute the exception must be fully and specifically averred. The mere general allegation, as in this case, that the defendant is the sole creditor of the estate, will not be sufficient. The plea should show as definitely as practicable the condition of the estate, the amount of its assets, and that there are no claims or liabilities of any character against said estate remaining unsettled except the claim pleaded in set-off. [Hall v. Hall, 11 Tex. 526; Atchison v. Smith, 25 Tex. 231; Alford v. Smith, 40 Tex. 77; Robb v. Smith, 40 Tex. 89.] Because of the defects in the plea which have been stated, and of others which we have deemed it unnecessary to notice, the court did not err in sustaining the exceptions to it.

§ **127.** *Non est factum; facts which do not sustain plea of; agent; authority of; facts held sufficient to show authority of.* As to the defense of *non est factum*, the facts briefly stated are, that T. P. Collins at the time of his death, and for a number of years prior thereto, was engaged in the mercantile business in Crockett, Houston county, Texas. James Collins was his clerk in said business. T. P. Collins left a will wherein he appointed E. M. Collins, his wife, his sole executrix, without bond, and with full power to administer his estate independently of the probate court. This will was duly probated. His said wife and daughter, the appellants herein, were his only heirs, and upon his death owned and took possession of his entire estate, and immediately after his death in 1869, they employed and authorized James Collins as their agent to take charge of and conduct the mercantile business in which T. P. Collins was engaged at the time of his death. This employment was verbal, and the authority conferred was general. It was to take the business and do the best he could with it, and to pay all debts that T. P. Collins owed. Under this employ-

ment and authority he assumed the exclusive manage-
ment and control of the business, and exercised such
management and control for a period of sixteen years.
He paid debts due by the estate; borrowed various sums
of money at different times from various persons, and
used the money so borrowed in carrying on said mercan-
tile business.   The debts thus created by him were duly
noted in the books of the firm, and all his transactions
for and in the name of said firm were open, and made in
the usual course of conducting such business.   The con-
sideration of the note sued upon was a debt due by T.
P. Collins to the Wooten estate, for which said T. P.
Collins in his life-time had executed his note.   In order
to prevent said note from becoming barred by limitation,
it was substituted by the note now sued upon, by James
Collins, he signing the same in the name of said firm,
Collins & Douglass.   It is insisted by appellants that
James Collins had no authority, as their agent, to bind
them by the execution of said note; that said act was not
within the scope of his authority; that the Wooten debt
was a claim against the estate of T. P. Collins, which
could only be settled by E. M. Collins, as executrix, and
that she could not, and did not, delegate any authority to
said agent to adjust said claim.   In the consideration
and decision of the question as to the extent of the
authority of the agent, James Collins, we have been spared
investigation, by the opinion of our supreme court in
the case of Collins & Douglass v. Cooper [Gal. Term,
1886].   In most of its features, that case is a counter-
part of this.   In the Cooper case, this same agent bor-
rowed money from Cooper, executing therefor a note
signed "Collins & Douglass," said firm being the same
as in this case.   When sued upon the note, the defend-
ants, as in this case, pleaded non est factum.   In a com-
prehensive and clear opinion delivered by Justice Stayton,
it was held that said agent had implied authority to bor-
row the money, and to bind his principals therefor by
the execution of said note.   There is no material differ-

ence in the facts of the two cases, and we refer to, and consider the opinion in the Cooper case as decisive of the question in this case. The only difference in the two cases is, that in the Cooper case the debt was created after the death of T. P. Collins, while in this case the debt existed at the time of the death of said T. P. Collins. In view of the facts, we do not regard this difference as material. E. M. Collins was the independent executrix of the will of T. P. Collins, deceased. She empowered said agent to pay all the debts against the estate of her testator, and he exercised this authority, paying all of said debts, with the single exception, perhaps, of the one here sued upon. None of these debts were presented to and acted upon by the executrix in person. During a period of sixteen years, the executrix acquiesced in the exclusive management of the business of said estate by said agent, knowing, or having the ready means of knowing, all his transactions relating to said business, none of which transactions were concealed, or attempted to be concealed, from her. The money represented by the debt herein sued for was kept and used in the business of said firm by means of the note executed by said agent. It was in effect a borrowing of the money to be used in said business, and the money was in fact so used, and became a part of said mercantile business. Appellants being the sole heirs of T. P. Collins, and as such owning and having taken possession and control of the entire estate, the execution of the note was for their use and benefit, the same as if that much money had been borrowed by said agent, and used by him in carrying on said mercantile business, and their liability therefor is the same.

§ **128.** *Coverture; release of one of two joint obligors on plea of, does not release the other from liability.* The defendant Mary C. Douglass having pleaded and proved that she was a *feme covert* at the date of the execution of the note sued upon, it was not error to render judgment against E. M. Collins alone. The fact that by reason of

coverture the defendant Douglass could not be held liable for the debt does not release her co-defendant, Collins, from liability therefor.

February 27, 1886.                                    Affirmed.